IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| PATRICK and SHARON WINSLER, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 4:11-cv-1070-DGK |
| ) | |
| AMERIQUEST MORTGAGE COMPANY ) | |
| ) | |
| and ) | |
| ) | |
| DEUTSCHE BANK NATIONAL TRUST ) | |
| COMPANY, ) | |
| ) | |
| Defendants. ) | |

## ORDER GRANTING AMENDED MOTION TO DISMISS

This case arises out of foreclosure proceedings on Plaintiffs Patrick and Sharon Winsler's home. Plaintiffs allege that while discussions regarding a mortgage modification were on-going with Defendant Ameriquest Mortgage Company ("Ameriquest"), Ameriquest instructed them to disregard the default notices they were receiving, explaining foreclosure would be deferred until the loan modification process was complete. Plaintiffs contend that in fact, Ameriquest had transferred the loan to Defendant Deutsche Bank National Trust Company which commenced foreclosure proceedings against Plaintiffs without giving them notice.

Now before the Court is Ameriquest's Motion to Dismiss (doc. 16), Plaintiffs' First Amended Complaint (doc. 19), and Ameriquest's Amended Motion to Dismiss (doc. 24). Ameriquest initially argued that all claims against it in Plaintiffs' Petition for Declaratory Judgment, Fraud and Damages ("the Complaint") (doc. 1-1) should be dismissed under Rule 12(b)(6) for failure to state a claim and under Rule 9(b) for failure to plead fraud claims with particularity. Plaintiffs responded by filing their Amended Complaint (doc. 19) and Suggestions

in Opposition (doc. 21), which the Court construes as a motion for leave to file an amended complaint, that addresses some of Ameriquest's concerns. Ameriquest then filed its amended motion to dismiss, arguing the Amended Complaint does not contain enough factual support to state a claim and does not allege the fraud claims with sufficient particularity.

The Court grants Plaintiffs leave to file their amended complaint, and Ameriquest's initial Motion to Dismiss (doc. 16) is DENIED AS MOOT.

With respect to the Amended Motion to Dismiss the Court addresses Ameriquest's Rule 9(b) argument first because it is dispositive. Rule 9(b) requires that allegations of fraud be pled with particularity. Under the rule "a plaintiff must plead 'such matters as the time, place and contents of false representations, as well as the identity of the person making the misrepresentation and what was obtained or given up thereby.'" *BJC Health Sys. v. Columbia Cas. Co.*, 478 F.3d 908, 917 (8th Cir. 2007) (quoting *Abels v. Farmers Commodities Corp.*, 259 F.3d 910, 920 (8th Cir. 2001)). The party alleging fraud "must typically identify the 'who, what, where, when, and how' of the alleged fraud.'" *BJC Health System*, 478 F.3d at 917 (quoting *United States ex rel. Costner v. URS Consultants, Inc.*, 317 F.3d 883, 888 (8th Cir. 2003)). "This requirement is designed to enable defendants to respond 'specifically, at an early stage of the case, to potentially damaging allegations of immoral and criminal conduct.'" *BJC Health Sys.*, 478 F.3d at 917 (quoting *Abels*, 259 F.3d at 920).

The sole claim against Ameriquest is a claim for fraudulent misrepresentation brought in Count II. With respect to this claim, the First Amended Complaint alleges:

> 4. That on or about March 18, 2004, Plaintiffs executed a note and deed of trust securing the loan, to Ameriquest. The Deed of Trust was filed for record in Cass County, Missouri, on May 18, 2004, as Document No. 297202.

2

5. That as a result of a subsequent adjustment to the interest rate on the debt, Plaintiffs experienced difficulty in meeting the payment obligations and contacted Ameriquest by telephone regarding a modification of the loan on or about February 2011.

6. During the ensuing months beginning on or about February 2011 until May 2011, Plaintiffs had several communications with Ameriquest regarding the modification, and also received default notices from Ameriquest regarding the delinquency on the indebtedness.

7. Upon inquiry by Plaintiffs after receipt of the default notices, Ameriquest representatives in the loan modification department instructed them to disregard the delinquency notices, as foreclosure of the deed of trust would be deferred by Ameriquest, until completion of the modification process.

8. In reliance on the representation by Ameriquest, Plaintiffs continued to communicate with Ameriquest, and provide requested information relative to the modification review.

9. At no time were Plaintiffs informed that their debt had been transferred to Deutsche Bank, and they received no communication from the Deutsche Bank regarding its ownership of the debt, delinquency status, or threatened foreclosure.

10. In March or April 2011, Deutsche Bank commenced foreclosure proceedings.

11. No notice of that foreclosure sale was given to Plaintiffs.

12. Although Deutsche Bank has claimed that notice by certified mail was sent to Plaintiffs, Plaintiffs never received the same, nor did they receive any notification of attempted delivery thereof.

13. During the entire foreclosure process, Ameriquest continued to communicate and deal with Plaintiffs, representing that the modification was still under consideration.

14. Ameriquest's most recent communication with Plaintiffs was a letter dated May 16, 2011, and was a request for additional information relating to the on-going work on modification of Plaintiffs' debt.

15. On the same day, (May 16, 2011), Defendant Deutsche Bank, through Lawyer's Foreclosure Specialists, Inc., conducted a

3

Case 4:11-cv-01070-DGK   Document 30   Filed 05/21/12   Page 3 of 6

purported foreclosure of the deed of trust, and a Trustee's Deed was recorded, naming Deutsche Bank as the grantee, identified as trustee for Ameriquest Mortgage Securities, Inc., Asset-Backed Pass-Through Certificates Series 2004-R4.

16. No Trustee's accounting of the sale was provided, but the Trustee's Deed reflects that the consideration was $136,000.00, which was substantially below the fair market value of the home.

. . .

25. On information and belief, the lender representatives in Ameriquest's loan modification department with whom Plaintiffs dealt in the modification process were agents and representatives of both Ameriquest and Deutsche Bank.

26. That Defendants through their agents in the loan modification department represented to Plaintiffs:

> a. that the initiation of the modification process would result in the company holding any attempts at foreclosure of the property in abeyance, until the modification process was completed;
>
> b. that correction of the delinquency was not necessary to prevent acceleration and foreclosure on the debt; and
>
> c. that the representatives had authority to speak for the note holder regarding the modification and foreclosure process.

27. That the representations made by Defendants through their agents in the loan modification department were false, and were known by the Defendants to be false.

28. That the representations made by Defendants through their agents in the loan modification department were material to Plaintiffs' decision not to further inquire about the possibility of foreclosure.

29. That the representations were made by Defendants through their agents in the loan modification department with the intent that Plaintiffs would rely on the same.

4

> 30. That Plaintiffs did not know that the representations made by Defendants through their agents in the loan modification department were false.
>
> 31. That Plaintiffs did rely on the representations made by Defendants as being true, and such reliance was reasonable.
>
> 32. That Plaintiffs had a right to rely on the representations made by Defendants through its agents in the loan modification department as being true.
>
> 33. That as a direct and proximate result of the misrepresentations and Plaintiffs' reliance thereon, Plaintiffs sustained damages.

Plaintiffs argue the Amended Complaint sufficiently identifies the "who" as "the loan modification department;" the "when" as between February and May of 2011; the "what" as "fraudulent statements" or "communications" that any foreclosure will be postponed until after the loan modification was complete; and the "how" was telephone conversations between "the loan modification department and the Winslers." Sugg. In Opp'n (doc. 21) at 5-6. Plaintiffs also suggest they meet the Rule 9(b) standard as applied by the Eighth Circuit Court of Appeals recently in *Ritchie Capital Mgmt. L.L.C. v. Jeffries*, 653 F.3d 755 (8th Cir. 2011).

The Court holds the fraud allegations in the Amended Complaint do not satisfy Rule 9(b). Identifying the "who" as "the loan modification department" does not provide enough information, particularly given that Ameriquest is on the record as stating that it did not have any such department in 2011. A name, or at least more specific identifying information, is required. Identifying the "when" as in a four month period is similarly unhelpful and inadequate because it does not narrow the time frame down enough. Likewise, describing the "what" as "fraudulent statements" or "communications" that any foreclosure will be postponed until after the loan modification was complete, is little more than a conclusory allegation that barely satisfies the requirements of notice pleading. It is not enough to satisfy Rule 9(b)'s particularity requirement.

5

Finally, identifying the "how" as unspecified phone conversations between an unidentified member of the "loan modification department" and an unidentified member of the Winsler family, also falls short.[1]

The Amended Complaint is a far cry from the complaint deemed sufficient by the Court of Appeals in *Ritchie*. The *Ritchie* complaint was "fifty pages in length, and include[d] factual details of the alleged fraudulent plot, including individuals involved, dates when the alleged misrepresentations took place, and the mediums over which they occurred." *Id.* at 764. By comparison, the Amended Complaint consists of thirty-five short paragraphs which do not identify a single individual involved in the fraudulent acts, exact dates, or even reasonably approximate dates, events occurred, or specifics of the alleged fraud. Consequently, *Ritchie* is not factually analogous.

Because Plaintiffs have failed to plead their fraud allegations with sufficient particularity, Ameriquest's Amended Motion to Dismiss (doc. 24) is GRANTED.

**IT IS SO ORDERED.**

Dated: May 21, 2012             /s/ Greg Kays
                                GREG KAYS,
                                UNITED STATES DISTRICT JUDGE

---

[1] Ameriquest states that it has not "originated or serviced loans since 2007," and that it "did not have a toll-free number for consumers, did not have a 'loan modification department,' and did not have representatives to take calls from 'clients' in 2011 as [Plaintiffs have] alleged." Reply (doc. 25) at 6.

6